Sedgwick, J.
The first exception was to the introduction of a copy of a letter which plaintiff claimed he had sent by post to the defendant Schanzlin. The only objection taken was that plaintiff had not shown that the letter had been mailed or properly addressed to the defendant, or that the postage was prepaid. The objection was not sound, for according to the rule in Oregon Steamship Company v. Otis (100 N. Y., 451), all the things referred to had been prz'ma ftioie proved by an answer of an earlier witness that the letter in question had been mailed to the defendant Schanzlin in the regular way.
An exception was taken to the admission of evidence of the schedules attached to an assignment made by defendant Schanzlin for the benefit of his creditors. Primarily these were objected to as immaterial. The counsel for plaintiff then said that he wanted to show that Mr. Schanzlin was insolvent when he made the proposition, when he bought the wine, and that he knew himself to be insolvent. The defendants’ counsel then made the further objection, that the plaintiff had taken the position that the goods had been only consigned to defendant, and could not introduce evidence on an inconsistent position that the goods were sold by plaintiff and bought by defendant. The objection was overruled. The plaintiff does not seem to have taken the position, as aground of recovery in offering the testimony, that the defendant had in fact bought the goods, not intending to pay for them except in this way. The defendant, when the plaintiff’s agent demanded the goods of the defendant, gave as a reason for retaining them that he had bought the goods of plaintiff, and such was the substantial defense, as claimed in the action. Thereupon the plaintiff proposed to prove that even if by supposition the goods had been bought, the defendant did not intend to pay for them, and for that reason the defense or the reason for retaining them after demand was not valid. The plaintiff would have had a right to argue to the jury, not only have the witnesses shown the goods were consigned, but the defendant meets this only by setting up a sale, which, if it occurred, would have been fraudulent, and which, under the complaint, would have entitled the plaintiff to recover. In other words, if the plaintiff’s primary position did not furnish a ground of recovery, the position assumed as a defense did furnish it. In the conflict of claim it was something that the jury might consider, whether, if the defendant was insolvent, he would more likely solicit consignments or incur the liabilities of a purchaser of goods. I think there was no error in the ruling of the court. Although insolvency be not proof of an intent not to pay, it is relevant testimony on the subject. The counsel for defendant excepted to the exclusion of copies of letters written by the defendant to the plaintiff, and which formed part of the correspondence from which, mainly, the relation of the parties was to be learned. The original letters themselves seem at the time of the trial to have been in San Francisco. The plaintiff objected to the copies as improper secondary evidence. The defendant proved that they had served notice to produce the originals.
As this appeared to have been served on the day before the offer was made, and the plaintiff lived in San Francisco and was not present at the trial, the court properly held that the time given for the production was not sufficient. It is now argued, and perhaps correctly, that it was not necessary to give notice to produce paper out of the jurisdiction of the court in order to give a party a right to prove the contents by secondary evidence. But such position was not taken at the trial. The counsel for plaintiff was led to believe that the paper was offered only in pursuance of the notice, and, therefore, to take an objection, which resulted in an exception fatal to a recovery if it can now avail the defendants. The objection, it must be assumed, would not have been taken if the defendants had presented the claim they now do, that the evidence was proper if no notice had been given.
As the exceptions were not valid, they should be overruled, and there should be judgment for the plaintiff on the verdict, with costs.